UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Holland Stewart | | Not Present |

**Proceedings:** HEARING BY TELEPHONE ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. [ 23 ], filed March 9, 2020)

## I.  INTRODUCTION AND BACKGROUND

On May 29, 2018, plaintiff Innovacyn, Inc. filed this action against defendant Atlantic Packaging Equipment, LLC. Dkt. 1 ("Compl."). The complaint asserts claims for (1) breach of contract; (2) breach of contract, implied in fact; (3) breach of the implied warranty of merchantability; and (4) breach of implied warranty of fitness for a particular purpose. Id. Plaintiff "is engaged in the business of producing topical wound ointments for animals and humans," while defendant "designs and manufactures capping machines, conveyors, parts feeding systems, special application and assembly equipment, and pump placers." Id. ¶¶ 5, 7. The gravamen of plaintiff's claims is that defendant sold plaintiff defective packaging equipment. See id. ¶¶ 7–18.

On July 17, 2018, plaintiff requested that the Clerk enter default against defendant, and the Clerk did so on July 18, 2018. Dkt. 12, 13. On July 25, 2018, the Honorable Virginia A. Phillips issued a minute order advising plaintiff that if it failed to file a motion for default judgment against defendant within thirty days, "the case will be dismissed without prejudice for failure to diligently prosecute and for failure to comply with the Court's order." Dkt. 14. On September 11, 2018, the Court dismissed this action due to plaintiff's failure to comply with the Court's July 25, 2018 order.[1] Dkt. 17.

---

[1] This action was originally assigned to Judge Phillips. However, after Judge Phillips issued the July 25, 2018 order, this case was reassigned to the Court on August 8, 2018. Dkt. 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' JS-6 |
|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date  May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | |

On October 1, 2018, plaintiff moved to reopen this case, indicating that its delay in moving for default judgment was based on defendant's filing a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Jersey. See generally Dkt. 18. Plaintiff explained its delay in moving for a default judgment in this action as a precautioning measure intended to avoid violating the Bankruptcy Court's automatic stay. Id. at 4. On November 14, 2018, the Court reopened this action but stayed further proceedings pending the outcome of defendant's Chapter 7 bankruptcy proceeding. Dkt. 19. The Court ordered that "plaintiff shall file a quarterly status report commencing on March 18, 2019." Id.

On June 18, 2019, plaintiff filed a quarterly status report, representing that in defendant's bankruptcy case, the Bankruptcy Court entered an order on April 18, 2019, indicating that "[t]he estate of the above named debtor(s) has been fully administered."[2] Dkt. 21; see also Dkt. 21, Exh. D. The Court accordingly lifted its stay in this case on July 5, 2019. Dkt. 22.

On March 9, 2020, plaintiff moved for the entry of default judgment against defendant. Dkt. 23 ("Mot."). The Court held a hearing on May 11, 2020. Having carefully considered the plaintiff's motion, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55. Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. Feb. 11, 2005). The Ninth Circuit has directed that courts consider the

---

[2]   "Chapter 7, colloquially known as 'straight bankruptcy,' is the 'operative' chapter of the Bankruptcy Code that normally governs liquidation of a debtor. Liquidation is a form of relief afforded by the bankruptcy laws that involves the collection, liquidation and distribution of the nonexempt property of the debtor and culminates, if the debtor is an individual, in the discharge of the liquidation debtor." 6 Collier on Bankruptcy ¶ 700.01 (16th ed. 2020). Based on the docket in defendant's bankruptcy proceeding, it does not appear that prior to closing defendant's case on April 18, 2019, the Bankruptcy Court ever issued any order discharging any of defendant's debts. See In re: Atlantic Packaging Equipment L.L.C., No 18-bk-25321-KS (Bankr. D.N.J.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55–1 and 55–2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55–1. Under Local Rule 55–2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55–2).

### III.  DISCUSSION

#### A.  Procedural Requirements

In connection with plaintiff's motion for default judgment, plaintiff submits a declaration attesting that: (a) on July 18, 2018, the Clerk entered default against defendant following defendant's failure to respond to the summons and complaint; (b) defendant is neither a minor nor an incompetent person; and (c) the Soldiers' and Sailor's Civil Relief Act of 1940[3] does not apply. Dkt. 23-2, Declaration of Holland P. Stewart ("Stewart

---

[3]   The Soldiers' and Sailors' Civil Relief Act is the "precursor" to the current Servicemembers' Civil Relief Act. See Trujillo v. Tally, No. 03-cv-533-S-MHW, 2006 WL 8426821, at *2 (D. Idaho June 2, 2006). That plaintiff refers to the Soldiers' and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

Decl.") ¶¶ 1–9. In addition, plaintiff has filed proofs of service indicating that plaintiff served, by mail, defendant's agent for service of process with plaintiff's motion for default judgment and notice of the hearing on plaintiff's motion.[4] The Court therefore concludes that plaintiff has satisfied the requirements for entry of default judgment.

    B.    **Application of the Eitel Factors**

        1.    **Possibility of Prejudice**

The first Eitel factor considers whether plaintiffs will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471–72. This factor favors entry of default judgment where, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery." PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, the plaintiff would be prejudiced if default judgment was not entered in its favor because defendant has not participated in this action to date, and absent an entry of default judgment, plaintiff will likely be left without recourse for recovery. See Pepsi, 238 F. Supp. 2d at 1177. Accordingly, this factor favors the entry of default judgment against defendant.

---

Sailor's Civil Relief Act, rather than the Servicemembers Civil Relief Act, does not preclude the entry of default judgment. See, e.g., Gens v. Amerimade Tech. Inc., No. 15-cv-01425-JCS, 2016 WL 8905322, at *4 (N.D. Cal. Mar. 21, 2016) (recommending grant of application for default judgment even though supporting declaration referred to predecessor statute), report and recommendation adopted, No. 15-cv-01425-VC, 2016 WL 9180437 (N.D. Cal. Apr. 8, 2016).

[4]    Plaintiff originally noticed the hearing on its motion for default judgment for April 27, 2020. See Mot. In light of the ongoing COVID-19 pandemic and the Court's Continuity of Operations Plan, the Court authorized the parties to appear for the April 27, 2020 hearing by telephone, directing plaintiff to service defendant with notice that the hearing would occur by telephone. Dkt. 24. During the April 27, 2020 hearing, the Court continued the hearing until May 11, 2020, directing plaintiff to serve plaintiff's motion and notice of the May 11, 2020 telephonic hearing on defendant, rather than defendant's counsel. Dkt. 30. Plaintiff has filed proofs of service demonstrating that it served defendant by mail, through defendant's agent for service of process, with plaintiff's motion and with notice of the May 11, 2020 telephonic hearing. Dkts. 27, 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL      'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

### 2. Substantive Merits and Sufficiency of the Claim

The second and third Eitel factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together. PepsiCo, 238 F. Supp. 2d at 1175. These factors "are often treated by courts as the most important Eitel factors." Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) (citations omitted). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). The Court separately addresses the substantive merits and sufficiency of plaintiff's claims.

### a. Breach of Contract

To prevail on a claim for breach of contract, plaintiffs must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011). Here, plaintiff alleges that the parties entered into a "Purchase Order Equipment" whereby defendant agreed to sell plaintiff equipment "in return for compensation in the amount of $319,500"; that plaintiff "has fully performed all conditions, covenants, and promises required of it" including "providing compensation to [defendant] in the amount of $319,500"; that defendant "breached the terms of the Purchase Order by delivering to [plaintiff] products that did not function properly and did not perform to [plaintiff's] reasonable expectations"; and that plaintiff "has suffered financial . . . as a result of [defendant's] failure to provide satisfactory products pursuant to the terms of the Purchase Order[.]" Compl. ¶¶ 20–23.

Taking these allegations as true, plaintiff has established a likelihood of prevailing on the merits of its breach of contract claim.[5]

---

[5] Plaintiff asserts a claim for breach of an express contract. See Compl. ¶¶ 19–24. In the alternative, plaintiff asserts a claim for breach of an implied-in-fact contract "[i]f the trier-of-fact in this case fails to identify the existence of an express, enforceable, and binding contract[.]" Id. ¶ 26. Because the Court concludes, accepting plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

### b. Breach of Implied Warranty of Merchantability

The California Commercial Code "implies a warranty of merchantability that goods '[a]re fit for ordinary purposes for which such goods are used.'" Birdsong v. Apple, Inc., 590 F.3d 955, 958 (9th Cir. 2009) (quoting Cal. Com. Code § 2314(2)(c)). "The implied warranty 'provides for a minimum level of quality.'" Id. (quoting Am. Suzuki Motor Corp. v. Superior Court, 37 Cal. App. 4th 1291, 1296 (1995)). "A plaintiff who claims a breach of the implied warranty of merchantability must show that the product did not possess even the most basic degree of fitness for ordinary use." Colgate v. JUUL Labs, Inc., 345 F. Supp. 3d 1178, 1194 (N.D. Cal. 2018).

Here, plaintiff avers that it "sought for years to amicably resolve the Equipment's performance and quality issues" with defendant. Compl. ¶ 12. Moreover, defendant "attempted to fix the Equipment numerous times but was unable to find a satisfactory solution. [Plaintiff] even shipped the Equipment back to [defendant's] facility in New Jersey on three separate occasions . . . and yet it *remained inoperative*." Id. These allegations, taken as true, state a claim for breach of the implied warranty of merchantability.

### c. Breach of Implied Warranty of Fitness for Particular Purpose

California law imposes an implied warranty of fitness for a particular purpose where "(1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment." Frenzel v. AliphCom, 76 F. Supp. 3d 999, 1021 (N.D. Cal. 2014) (citing Keith v. Buchanan, 173 Cal. App. 3d 13, 25 (1985)). Plaintiff sufficiently alleges these elements here. Indeed, plaintiff avers that plaintiff intended to "use the Equipment to process and package its products"; that defendant had reason to know of plaintiff's intended purpose since "[d]uring negotiations for the sale of the Equipment, [plaintiff] made clear its expectations regarding the Equipment's anticipated speed, quality, and accuracy"; that defendant "represented to [plaintiff] that the Equipment would meet or exceed those expectations"; and that plaintiff

---

allegations as true, that plaintiff has stated a claim for breach of an express contract, the Court does not reach plaintiff's alternative implied contract claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

"relied on [defendant's] representations regarding the Equipment's quality and ability." Compl. ¶¶ 43–44.

### 3.   Amount of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). "While the allegations in a complaint are taken to be true for the purposes of default judgment, courts must make specific findings of fact in assessing damages." Moroccanoil, Inc. v. Allstate Beauty Prod., Inc., 847 F. Supp. 2d 1197, 1202 (C.D. Cal. 2012). The Court reviews declarations, calculations, and other damages documentation to determine whether the sum of money at stake is appropriate. Craneveyor Corp. v. AMK Express Inc., No. 16-cv-6049-RSWL-E, 2017 WL 89553, at *5 (C.D. Cal. 2017).

Here, plaintiff seeks $319,500.00, which is the amount that plaintiff tendered to defendant for the allegedly defective equipment at issue. Mot. at 6. Although significant, this amount is reasonably proportionate to the harm caused by defendant's alleged breach. See JBR, Inc. v. Cafe Don Paco, Inc., No. 12-cv-02377-NC, 2014 WL 5034640, at *14 (N.D. Cal. Aug. 25, 2014) (determining that movant's request of $320,809.97 was reasonably proportional to harm caused by non-movant's alleged breach of contract); accord Canadian Nat. Ry. Co. v. Phoenix Logistics, Inc., No. 11-cv-04589-EMC, 2012 WL 1376978, at *2 (N.D. Cal. Apr. 19, 2012) (finding default judgment warranted where plaintiff's damages were "limited to the damages that would be reasonably expected to put [p]laintiff in the same position had [d]efendant fulfilled its contractual obligations").

### 4.   Possibility of a Dispute Concerning the Material Facts

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." Id. Here, plaintiff "filed a well-pleaded complaint alleging the facts necessary to establish [their] claims, and the court clerk entered default against" defendant. See Philip Morris USA, Inc. v. Castworld Prod., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether defendants' default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177. "There is little possibility of excusable neglect and default judgment is favored when defendants fail to respond after being properly served." Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc., 316 F. Supp. 3d 1192, 1201–02 (C.D. Cal. 2018). Here, plaintiff served defendant with the summons and complaint on June 7, 2018. Dkt. 11. Accordingly, there is no indication that defendant's failure to appear is due to excusable neglect, and this factor favors the entry of default judgment against defendant.

### 6. Policy Favoring Decisions on the Merits

Pursuant to the seventh Eitel factor, the Court considers the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. However, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate. Constr. Laborers Tr. Funds for S. California Admin. Co. v. Black Diamond Contracting Grp., Inc., No. 8:17-cv-00770-JLS-DFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Defendant's failure to appear or otherwise respond makes a decision on the merits in this case impractical, if not impossible. As a result, this factor does not preclude the entry of default judgment against defendant.

\* \* \* \* \*

Taken together, the Eitel factors favor entry of default judgment against defendant.

### C. Requested Relief

"[O]nly the amount prayed for in the complaint may be awarded to the plaintiff in a default." Elektra, 226 F.R.D. at 393 (citing Fed. R. Civ. P. 54(c)). The movant seeking default judgment must prove up the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (internal citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | 'O' | JS-6 |
|---|---|---|---|
| Case No. | 5:18-cv-01142-CAS(PJWx) | Date | May 11, 2020 |
| Title | INNOVACYN, INC. v. ATLANTIC PACKAGING EQUIPMENT, LLC | | |

Here, plaintiff seeks an award of $319,500.00 in connection with plaintiff's request for a default judgment. See Mot. at 9. This request is consistent with the amount requested in plaintiff's complaint. See generally Compl.[6] In addition, plaintiff provides documentary evidence in support of plaintiff's request for $319,500, including the parties' purchase agreement. See Dkt. 23-1, Exh. 1.

## IV.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. Defendant shall be liable to plaintiff in the total amount of $319,500.00.

IT IS SO ORDERED.

| | 00 : 01 |
|---|---|
| Initials of Preparer | CMJ |

---

[6] Plaintiff's complaint seeks $779,461.15 in damages, consisting of the $319,500.00 that plaintiff paid defendant for the allegedly defective equipment and an additional $459,961.15. See generally Compl. In its motion for default judgment, plaintiff clarifies that it "has chosen, in the interests of judicial and party economy, to only request a refund of the Equipment's purchase price, leaving behind any claims to special damages, consequential damages, attorney fees or costs." Mot. at 8–9.